UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-4071-CBM (KK)** | Date: | June 14, 2016 |
| Title: | ***Gregory Franklin v. D. Asuncion*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim

## I.
## BACKGROUND

On June 2, 2016, Petitioner, an inmate at California State Prison in Lancaster, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2254. See Dkt. 1, Pet. Petitioner raises the following three claims related to the denial of his request for post-conviction discovery pursuant to California Penal Code section 1054.9: (1) the California Superior Court of Los Angeles County improperly denied his request for post-conviction discovery based upon his failure "to get discovery from tr[ia]l counsel" and to show the materiality of the discovery requested; (2) the California Court of Appeal erred in denying his petition for a writ of mandate because "Petitioner met post-conviction discovery requirements" and "indigent does not have to pa[y] cost[s] before receiving

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on June 2, 2016. ECF Docket No. ("Dkt.") 1, Pet. at 8. Thus, the Court deems June 2, 2016 the Petition's filing date.

documents;" and (3) the California Supreme Court improperly denied his petition for review challenging the denial of his petition for a writ of mandate as untimely.  See id.

## II.
## DISCUSSION

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, "'[a] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.'"  Hubbart v. Knapp, 379 F.3d 773, 779 (9th Cir. 2004) (quoting Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989)); see Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) ("federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings"); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997) (errors committed during state post-conviction proceedings are not cognizable in a federal habeas action).

Here, Petitioner does not allege he is in custody in violation of the Constitution or laws or treaties of the United States and fails to raise any cognizable habeas claim.  Rather, Petitioner merely alleges errors in the state post-conviction review process by claiming the state courts erroneously denied his request for post-conviction discovery.  This action, therefore, appears subject to summary dismissal for failure to state a cognizable habeas claim.

## III.
## ORDER

Thus, the Court **ORDERS** Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining Petitioner's claims are cognizable on habeas review.  If Petitioner contends his claims are cognizable on habeas review, Petitioner must explain and attach any supporting documents.  Petitioner must explain how his claims allege more than errors in state post-conviction review processes alone.

2. Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form**.  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

///
///

If Petitioner fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss this action for failure to state a cognizable habeas claim and/or failure to prosecute and obey court orders.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**